CUMMINGS, APPELLANT, *v.* CUMMINGS, APPELLEE.

(No. 728—Decided October 13, 1959.)

*Mr. Clifford F. Brown* and *Mr. Russell T. Antrim*, for appellant.

*Mr. Edward W. Rhode*, for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas.

After filing her petition for divorce, plaintiff filed an amended petition alleging the defendant guilty of gross neglect of duty and, *inter alia*, praying for a "legal separation" [*sic*] from the defendant and for other and further relief. Defendant cross-petitioned for a divorce. In the interim, allowance for temporary support was ordered and further proceedings incident to the enforcement and modification thereof. Upon final hearing on the amended petition and the answer and cross-petition of the defendant, the court found that the allegations of the amended petition were true and that the plaintiff was entitled to a "legal separation" as therein prayed for, but that the plaintiff was not entitled to any alimony or support payments after August 2, 1958, and judgment was entered accordingly.

Under Section 3105.18, Revised Code, an award of alimony is within the sound discretion of the trial court. *Dennison* v. *Dennison*, 165 Ohio St., 146, 134 N. E. (2d), 574.

A review of the record on the appeal fails to disclose that in terminating the support order and in failing to award alimony, the court abused its discretion or that the judgment is manifestly against the weight of the evidence. But the granting of a "legal separation" is a misnomer and should be deleted from the judgment. At common law, as well as under the provisions of Section 3103.03, Revised Code, the husband is obligated to support his wife. As drawn, the journal entry might be construed as absolving the defendant from this duty. The entry should therefore be further modified as follows:

"Provided that this judgment shall not be construed to relieve the defendant from his statutory obligation to support the plaintiff as long as they remain married."

Provision should also be made for the retention of jurisdiction for determination of the matter of allowance of support upon a showing of changed circumstances.

As modified, the judgment is affirmed.

*Judgment modified and, as modified, affirmed.*

FESS, P. J., SMITH and DEEDS, JJ., concur.